**No. 28-8001**

---

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

### KEVIN BROWN, *et al.*

Plaintiffs – Respondents

### v.

### SAINT-GOBAIN PERFORMANCE PLASTICS CORP., *et al.*

Defendants – Petitioners

---

Petition for Permission to Appeal under Fed. R. Civ. P. 23
from the United States District Court for New Hampshire
Civil No. 16-cv-242-JL

---

## PLAINTIFFS-RESPONDENTS' OPPOSITION TO
## DEFENDANTS-RESPONDENTS' PETITION FOR
## PERMISSION TO APPEAL UNDER FED. R. CIV. P. 23(f)

---

Kevin S. Hannon, Bar No. 1177677
Singleton Schreiber, LLP
1641 North Downing Street
Denver, Colorado  80218
Ph. 720-704-6028
khannon@singletonschreiber.com


*Counsel for Plaintiffs-Respondents*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................. i

STATEMENT OF ISSUES...............................................................................1

BACKGROUND.................................................................................................1

SUMMARY OF ARGUMENT .........................................................................3

I.  THE COURT PROPERLY CERTIFIED LIABILITY CLAIMS FOR
    CLASS MANAGEMENT UNDER RULE 23(b)(3) .................................4

A.  The District Court Fully Analyzed the Elements of Rule 23(b)(3) ...............4

B.  Property Damage Cases Have Been Certified and Upheld and Denied
    Review ....................................................................................................7

C.  *Dukes* Did Not Make Liability-Only Class Certification Improper.............10

II. DEFENDANTS' CASE LAW DOES NOT SUPPORT THAT THE
    COURT ABUSED ITS DISCRETION....................................................11

III.   DEFENDANTS' CLAIM THAT BIFURCATION IS UNWORKABLE
       BASED ON DAMAGES ISSUES ALSO FAILS .........................................14

IV.   THIS COURT SHOULD REJECT DEFENDANTS' ATTEMPT TO
      DISTORT THE COURT'S 23(b)(3) CERTIFICATION INTO 23(c)(4)
      CERTIFICATION TO CREATE ERROR THAT DOES NOT EXIST ......16

V.  BIFURCATION CREATES NO VIOLATION OF DEFENDANTS'
    SEVENTH AMENDMENT RIGHTS ............................................................17

V. THERE ARE NO UNINJURED CLASS MEMBERS; EVEN UNINJURED
   MEMBERS WOULD NOT DEFEAT CLASS CERTIFICATION.............21

VI. THE DISTRICT COURT DID NOT VIOLATE 23(c)(1)(B)......................22

CONCLUSION.................................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Aetna Casualty Surety Co. v. P & B Autobody,* 43 F.3d 1546, 1567-68
(1st Cir. 1994)................................................................18

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds,*
568 U.S. 455 (2013) ........................................................18

*Andrews v. Plains All Am. Pipeline, L.P.,* No. CV154113PSGJEMX, 2018 WL
2717833 (C.D. Cal. Apr. 17, 2018) ........................................9

*Baker v. Saint-Gobain Performance Plastics Corp.,* 632 F. Supp. 3d 19 (N.D.N.Y.
2022) ................................................................... 1, 8, 9

*Bais Yaakov of Spring Valley v. ACT, Inc.,* 12 F. 4th 81 (1st Cir. 2021) ...............26

*Ball v. Union Carbide Corp.,* 385 F.3d 713 (6th Cir. 2004) ...................................14

*Barrett v. Option One Mortg. Corp.,* No. 12-8033, 2013 WL 7137776
(1st Cir. Feb. 7, 2013)......................................................3

*Bell v. WestRock CP, LLC,* No. 3:17-CV-829, 2019 WL 1874694
(E.D. Va. Apr. 26, 2019) ....................................................9

*Blyden v. Mancusi,* 186 F.3d 252 (2d Cir. 1999)....................................................20

*Boughton v. Cotter Corp.,* 65 F.3d 823 (10th Cir. 1995) .....................................14

*Calderon v. Kansas Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180
(10th Cir. 1999) ............................................................24

*Castano v. American Tobacco Co.,* 84 F. 3d 734 (5th Cir. 1996) ...........................17

*Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532 (1985)..................................24

*Comcast Corp. v. Behrend,* 569 U.S. 27 (2013) .....................................................10

*DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389
(D. Mass. 2017) ...................................................................................11

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ........................6

*Gasoline Prod. Co. v. Champlin Ref. Co.*, 283 U.S. 494 (1931)............................21

*Gates v. Rohm & Haas Co.*, 655 F.3d 255 (3d Cir. 2011)......................................13

*General Mills, Inc.*, 823 F.3d 472 (8th Cir. 2016)..................................................13

*Gintis v. Bouchard Transp. Co.*, 596 F.3d 64 (1st Cir. 2010). ...........................8, 22

*Greene v. Will*, No. 3:09CV510-PPS/CAN, 2013 WL 12309515
(N.D. Ind. Jan. 29, 2013). .....................................................................9

*Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417 (4th Cir. 2003) ........................17

*Harris v. Medical Transportation Management, Inc.*, 77 F.4th 746
(D.C. Cir. 2023)...................................................................................13

*In re Asacol Antitrust Litigation*, 907 F.3d 42 (1st Cir. 2018) ...............................12

*In re Flint Water Cases*, 558 F. Supp. 3d 459 (E.D. Mich. 2021)...........................19

*In re Long Island Properties*, 125 F.2d 206 (2d Cir. 1942) ...................................24

*In re McKesson Governmental Entities Average Wholesale Price Litig.*, 767 F.
Supp. 2d 263 (D. Mass. 2011)..............................................................11

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 241 F.R.D. 435
(S.D.N.Y. 2007)......................................................................................8

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6
(1st Cir. 2008).......................................................................................10

*In re Nexium Antitrust Litig.,* 777 F.3d 9 (1st Cir. 2015) ....................................7, 22

*In re Prograf Antitrust Litig.*, No. 1:11-MD-02242-RWZ, 2014 WL 4745954 (D. Mass. June 10, 2014) ................................................................ 11, 18

*Marrero-Rolon v. Puerto Rico Elec. Power Auth.,* No. CV 15-1167 (JAG), 2018 WL 4740202 (D.P.R. Sept. 30, 2018) ................................................11

*Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405 (6th Cir. 2018) ................................................................ 10, 13, 17, 18

*Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995)............21

*McHugh v. Madison-Kipp Corp.*, No. 11-CV-724-BBC, 2012 WL 12996281 (W.D. Wis. May 3, 2012) ............................................................ 19, 20

*Muñiz v. Rovira,* 373 F.3d 1 (1st Cir. 2004). ...........................................................24

*Navelski v. Int'l Paper Co.*, 261 F. Supp. 3d 1212 (N.D. Fla. 2017) .............. 19, 20

*Nix v. Chemours Co. FC*, No. 7:17-CV-189-D, 2023 WL 6471690 (E.D.N.C. Oct. 4, 2023) ...........................................................................9

*Olden v. LaFarge Corp*., 383 F.3d 495 (6th Cir. 2004) .........................................18

*Ortiz v. Sig Sauer, Inc.*, No. 19-CV-1025-JL, 2023 WL 1928094 (D.N.H. Feb. 10, 2023) ........................................................................16

*Parko v. Shell Oil Co.*, 739 F.3d 1083 (7th Cir. 2014)...........................................13

*Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010) .........................................17

*Prantil v. Arkema Inc.*, 986 F.3d 570 (5th Cir. 2021)............................................13

*Registration Control Sys., Inc. v. Compusystems, Inc.,* 922 F.2d 805 (Fed. Cir. 1990)..........................................................................................................24

*Rowe v. E.I. duPont de Nemours & Co.*, No. CIV. 06-1810 (RMB), 2009 WL

2424086, *3 (D.N.J. July 29, 2009) ....................................................14

*Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32 (1st Cir. 2003) ..........................7

*State Farm Mut. Auto. Ins. Co. v. Elegant Massage*, LLC, No. 21-255, 2021 WL
    4202678 (4th Cir. Sept. 2, 2021) ........................................................17

*Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-CV-125,
    2019 WL 8272995 (D. Vt. Aug. 23, 2019) ..................................................2, 8

*Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, 37 F.4th 1101
    (6th Cir. 2022) ......................................................................13

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016) .........................................7

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)............................17

*Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of America*, 453 F.3d 179
    (3d Cir. 2006). ......................................................................23

*Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338 (2011)............................................9

*Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288 (1st Cir. 2000) ....... 2, 3, 12

**Constitutional Provisions**

U.S. Const. Amend VII................................................................18

**Rules**

Fed. R. Civ. 7(b)......................................................................24

Fed. R. Civ. 23(b)............................................................. *passim*

Fed. R. Civ. P. 23(c)(4)................................................. 3, 8, 17, 18

**Treatises**

2 Newberg and Rubenstein on Class Actions § 4:91 (6th ed.) ................................18

*Manual for Complex Litigation*, Fourth, § 22.755....................................................18

## STATEMENT OF ISSUES

Did the District Court's decision to certify liability claims and bifurcate damages, as permitted by Fed. R. Civ. P. 23, constitute an unsettled legal issue that warrants interlocutory intervention by this Circuit?

## BACKGROUND

Plaintiffs filed this case on behalf of New Hampshire property owners in narrowly defined geographic areas whose property and household water sources were contaminated by emissions of toxic PFOA from a manufacturing facility in Merrimack, New Hampshire ("the Facility"), owned and operated by Saint-Gobain Performance Plastics Corporation ("Saint-Gobain"). Order 1, 5-9, 13-19.[1] Plaintiffs assert claims of trespass, nuisance, negligence, and negligent failure to warn against Saint-Gobain and the Facility's manager. *Id.* at 5. This is the third Saint-Gobain facility subject to class action litigation arising from PFOA emissions. In two prior cases, different district courts certified claims including for liability, and, in both instances, the Second Circuit denied 23(f) review.[2]

---

[1] "Order" refers to the District Court's order certifying certain liability claims.

[2] *Baker v. Saint-Gobain Performance Plastics Corp.,* 632 F. Supp. 3d 19, 65 (N.D.N.Y. 2022) (certifying a Municipal Well Property Damage Class and a Private Well Property Damage Class for liability and damages), *23(f) petition denied sub*

1

Managing claims arising out of the toxic contamination of 10,000 properties alleging the same legal theories against the same defendants operating the same source causing PFOA contamination by the same environmental pathway, the District Court certified Plaintiffs' trespass, negligence, and negligent failure to warn liability claims for class management under Rule 23(b)(3). *Id.* at 54. It rigorously analyzed the parties' arguments and evidence which included expert opinions, studies of the contamination, and other data. *See id.* at 2, 12-19, 44-47. The court bifurcated proceedings, with the first phase to determine the certified liability claims and the second phase to address damages. *Id.* at 53.

## STANDARD OF REVIEW

Rule 23(f) review is the exception not the rule. *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000). "The requirements for Rule 23(f) interlocutory review are stringent." *Barrett v. Option One Mortg. Corp.*, No. 12-

---

*nom., E.I. DuPont De Nemours and Co. v. Baker*, No. 22-2616 (2d Cir. Jan. 31, 2023) (Dkt. No. 45), *class decertified, Baker*, 2023 WL 2388727 (N.D.N.Y. Mar. 7, 2023) (decertifying Nuisance Damage Class only after plaintiffs voluntarily abandoned their nuisance claim); *Sullivan v. Saint-Gobain Performance Plastics Corp.*, No. 5:16-CV-125, 2019 WL 8272995, at *12 (D. Vt. Aug. 23, 2019) (granting certification of property damage class under Fed. R. Civ. P. 23(c)(4)*, 23(f) petition denied,* 19-2616 (2d Cir. Jan. 31, 2023) (Dkt. No. 101).

8033, 2013 WL 7137776, at *1 (1st Cir. Feb. 7, 2013).  Review is appropriate only

where: 1) the denial of class status effectively ends the case; 2) class status raises the

stakes of the litigation so substantially that the defendant likely will feel irresistible

pressure to settle; or 3) resolution of an unsettled important legal issue important is

likely to escape effective review.  *Mowbray*, 208 F.3d at 293-94.  This Court reviews

rulings granting or denying class certification for abuse of discretion.  *Mowbray*, 208

F.3d 288 at 295.

## SUMMARY OF ARGUMENT

Interlocutory review of a Rule 23 decision is limited to rare instances, none of

which apply here.  The Order certified common law claims for liability which did

not raise unsettled law.  Class certification here is not questionable.  The court

rigorously analyzed all Rule 23(a) and (b)(3) elements and both parties' evidence as

to plaintiffs' liability claims.  It did not "*sua sponte*" "convert" the certification

analysis to Rule 23(c)(4); and Rule 23(c)(4) certification would have been proper.

The Order specified the issues to be treated on a class basis for a clearly defined

class.  There is no "irresistible pressure to settle"; the Order is clear that even if a

jury finds liability, damages are hotly contested.  The court did not abuse its

discretion in choosing to manage the case using the tools Rule 23 provides to

advance this over seven-year-old litigation.  Immediate appeal is not warranted.

Defendants' Petition should be denied.

## I.    THE COURT PROPERLY CERTIFIED LIABILITY CLAIMS FOR CLASS MANAGEMENT UNDER RULE 23(b)(3)

### A.    The Court Fully Analyzed the Elements of Rule 23(b)(3)

The court rigorously analyzed Rule 23(a) and (b)(3) requirements and certified liability claims under Rule 23(b)(3).  Order 1, 2 (stating that liability "is predicated on predominantly common issues" susceptible to class-wide proof including the hazardous nature of PFOA, Defendants' actions in emitting PFOA, their subsequent efforts to investigate, mitigate, and warn of the emissions; and the geographical scope and foreseeability of the contamination"), 4 (identifying 23(b)(3) requirements), 25-34 (analyzing Rule 23(a) requirements), 35-48 (analyzing predominance with liability each claim); 53 ("[S]everal core liability issues can be proven on a class-wide basis" and they predominate over individualized issues of damages).

The court analyzed the factual history of the contamination, including data that showed that between 1986 to 2006 the Facility released hundreds of pounds of toxic PFOA into the environment, and the resulting bottled water and municipal connection programs and the decommissioning of private and public wells.  *Id.* at

4

5-8. The court reviewed evidence that Saint-Gobain consultant Barr used well-accepted U.S. E.P.A. and U.S. Geologic Survey models to evaluate contaminant transport from the Facility in an area around the Facility, and that Barr's study boundaries closely relate to the Class Geographic Areas. *Id.* at 8-9. Barr found that Saint-Gobain "may have contributed" to observed PFOA in groundwater. *Id.* at 9-10. The court analyzed both the evidence of Plaintiffs' experts and Defendants' experts and their reliability. *Id.* at 12-19, 43-47. The court noted that Plaintiffs' air pollution expert Sullivan used data and modeling common to the class to conclude that Saint-Gobin's emissions of PFOA dispersed and deposited onto the going of each and every property in the Class Areas. *Id*. at 15. It also noted that Plaintiffs' expert Shin concluded that emissions of PFOA from the Facility "contributed to the observed PFAS in groundwater in the class area." *Id*. at 16. The court observed that Plaintiffs' expert Detwiler analyzed the movement of PFOA from the ground surface to the water table and the underlying aquifer. *Id*. at 17. The court found that Plaintiffs' expert Baggett used known models to analyze the distribution of PFOA throughout the MVDWW municipal water system. *Id*. at 18-19. The court concluded based on this evidence that the geographic scope of the PFOA contamination attributable to Saint-Gobain is a common question, and that

Plaintiffs' experts provided class wide proof of the geographic scope of contamination attributable to the Facility using common data and models to estimate transmission of PFOA from the facilities air-emissions to the groundwater on an area-wide basis, using the same models that Saint-Gobain consultant Barr did. *Id*. at 30. The court further noted that Plaintiffs' experts agree that Saint-Gobain's emissions contributed to the groundwater contamination across the Class Areas, even if the full volume of PFOA on any property may not be solely attributable to Saint-Gobain. *Id*. 30-31, 43. The District Court observed that Saint-Gobain's experts do not specify or use a property-by-property method to map contamination, rather applying critiques that apply across the class. *Id*. at 31-32.

Against this backdrop, the court concluded that predominance is satisfied as to Plaintiffs' trespass, negligence, and negligent failure to warn claims, analyzing the evidence on the elements of the claims, *id*. at 35-39, 41-44, and determining that Defendants' experts' opinions of other potential sources do not defeat predominance because the claimed defense is common to the class. *Id*. at 46-48.

"Considering whether questions of law or fact common to class members predominate begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). When

central issues are common to the class that predominate, Rule 23(b)(3) is proper even though other important matters need to be tried separately. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016); *In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (1st Cir. 2015) ("[C]ourts generally find the predominance requirement to be satisfied even if individual damages issues remain" when "common questions predominate regarding liability."); *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 40 (1st Cir. 2003) (possibility that individual questions predominated as to issue of damages was not grounds for decertifying class). The certification of only Plaintiffs' liability claims was not questionable, did not raise any unique issue of law, and clearly does not end the litigation when damage issues remain hotly contested.

## B. Property Damage Cases Have Been Certified and Upheld and Denied Review

"Courts have repeatedly drawn distinctions between proposed classes involving a single incident or single source of harm, for which class certification is appropriate, and proposed classes involving multiple sources of harm occurring over time." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 241 F.R.D. 435, 447 & nn. 98-104 (S.D.N.Y. 2007) (collecting cases with class certifications involving a single incident or cause of harm) (*cited approvingly by Gintis v.*

*Bouchard Transp. Co.*, 596 F.3d 64, 67 (1st Cir. 2010)).

This principle is illustrated in the two cases involving Saint-Gobain facilities where class treatment was ordered for plaintiffs asserting property damage claims arising from contamination by PFOA released from a single Saint-Gobain facility. *Sullivan*, 2019 WL 8272995, at *10-12 (certifying liability claims of nuisance, trespass, negligence, and strict liability); *Baker*, 632 F. Supp. 3d at 65 (certifying two property damage classes under 23(b)(3) and a liability-only class for nuisance damage under 23(c)(4)). Each district court concluded, "within the range of environmental contamination cases, this one is simpler than most" with "[a] single industrial process operated for three decades by one corporation and its successor is claimed to be the source of an unusual chemical" that "is concentrated in an area of a few square miles which both parties and the state regulators have mapped in detail." *Baker*, 632 F. Supp. 3d at 39 (quoting *Sullivan*, 2019 WL 8272995, at *14-15). "The defenses that PFOA is ubiquitous in trace amounts or that another company or [alternate source] is the true source apply with equal force to all class members." *Id.*

Defendants' claim that no federal circuit court has approved the certification of a Rule 23(b)(3) property damage class since *Wal-Mart Stores Inc. v. Dukes*, 564

U.S. 338 (2011) mischaracterizes *Dukes* as a sea-change in Rule 23 analysis. It is not. *Dukes* simply held that plaintiffs' claims must rest on a common contention that is capable of class wide resolution. 564 U.S. at 350. Defendants also ignore numerous cases which certified liability classes for property damages since *Dukes,* including those like *Baker* and *Sullivan* where the circuit rejected 23(f) petitions.[3] Moreover, the Fifth Circuit upheld certification of a property damages class after *Dukes. In re Deepwater Horizon*, 739 F.3d 790, 812-19 (5th Cir. 2014) (noting previous affirmances of class certification in mass tort cases "in which virtually every issue prior to damages is a common issue;" stating that *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) "has no impact" on bifurcated classes where predominance is based on common issues of liability). And while certified under Rule 23(c)(4), the Sixth Circuit held in a post-*Dukes* toxic tort class action that an issues class under Rule 23(c)(4) satisfied the predominance requirement of 23(b)(3),

---

[3] *Nix v. Chemours Co. FC*, No. 7:17-CV-189-D, 2023 WL 6471690, at *16-17 (E.D.N.C. Oct. 4, 2023)*, 23(f) petition denied,* No. 23-269 (4th Cir. Nov. 17, 2023) (Dkt. No. 20); *Bell v. WestRock CP, LLC*, No. 3:17-CV-829, 2019 WL 1874694, at *5-6 (E.D. Va. Apr. 26, 2019)*, 23(f) petition denied,* No. 19-212 (4th Cir. Jun. 16, 2019) (Dkt. No. 19); *Andrews v. Plains All Am. Pipeline, L.P.*, No. CV154113PSGJEMX, 2018 WL 2717833, at *10 (C.D. Cal. Apr. 17, 2018)*, 23(f) petition denied,* No. 18-80054 (9th Cir. Jun. 16, 2019) (Dkt. No. 4); *Greene v. Will*, No. 3:09CV510-PPS/CAN, 2013 WL 12309515, at *5 (N.D. Ind. Jan. 29, 2013).

leaving damages to be tried separately. *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405, 413, 415 (6th Cir. 2018), *cert. denied,* 139 S. Ct. 1319 (2019).

### C. ***Dukes*** **Did Not Make Liability-Only Class Certification Improper**

Before *Dukes*, the First Circuit recognized that "the class action can be limited to the question of liability, leaving damages for later individualized determinations." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 28 (1st Cir. 2008). *Dukes* does not change this analysis. Unlike *Dukes* where there was no common question because there no proof of a nationwide, companywide discriminatory policy, all of Plaintiffs' liability claims have common answers that are "apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 350; Order 27-32, 34-48.

Specifically, the "the commonality requirement is satisfied here. Saint-Gobain's actions with respect to the release of PFOA and subsequent warnings and mitigation efforts; the geographical scope of contamination from Saint-Gobain's emissions; and the toxic nature of PFOA are common issues that can be determined on a class-wide basis. These issues are also central to—and will thus meaningfully advance resolution of—each of the claims." Order 29.

The law of this Circuit remains that "courts can certify classes as to liability only, leaving damages for later individualized determinations." *In re Prograf Antitrust Litig.*, No. 1:11-MD-02242-RWZ, 2014 WL 4745954, at *1 (D. Mass. June 10, 2014).[4] Thus, the court did not abuse its discretion in certifying Plaintiffs' liability claims for management under Rule 23(a) and (b)(3).

## II. DEFENDANTS' CASE LAW DOES NOT SUPPORT THAT THE COURT ABUSED ITS DISCRETION

Defendants' cited cases do not support interlocutory intervention by this Court. Defendants claim that *In re Asacol Antitrust Litigation*, 907 F.3d 42 (1st Cir. 2018) "held that individualized questions on proximate cause or injury-in-fact defeat predominance," Pet. 18; *see also id.* at 3, 13, 15, 19, 20, 21, 23, but this Court did not. *Asacol* was a class comprised of members from twenty-six states where there were "apparently thousands who in fact suffered no injury." *Id.* a 53. The First Circuit concluded that plaintiffs failed to present an adequate plan to remove

---

[4] *See also Marrero-Rolon v. Puerto Rico Elec. Power Auth.,* No. CV 15-1167 (JAG), 2018 WL 4740202, at *8 (D.P.R. Sept. 30, 2018), *23(f) Petition denied,* No. 18-8020 (1st Cir. Mar. 12, 2021) (Doc. 00117717141); *DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389, 406 (D. Mass. 2017); *In re McKesson Governmental Entities Average Wholesale Price Litig.*, 767 F. Supp. 2d 263, 269 (D. Mass. 2011) (certifying liability class in racketeering case)*, 23(f) Petition denied,* No. 11-8017 (1st Cir. 2013) (Doc. 00116208445).

uninjured class members, rendering the class unmanageable. *Id.* at 58. Here, there is an efficient mechanism to remove possible uninjured class members. Order 25-26. And, Defendants have not shown that certified liability claims preclude "genuine challenges" to allegations of injury-in-fact. Indeed, the court observed that "none of Saint-Gobain's experts provides or uses a property- or site-specific method to identify locations in which Saint-Gobain's emissions were not a substantial factor in contamination." Order 42. Based on this, the court concluded "that it is possible that Saint-Gobain plans to assert its defense against causation by using area-wide models," *id.* at 47, which is appropriate under a predominance analysis. *Mowbray*, 208 F.3d at 298 (district court may "formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate").

Defendants' cited property damage cases do not stand for the proposition that a property damage class cannot be certified and are easily distinguishable as they bear little to no resemblance to this case. *See Harris v. Medical Transportation Management, Inc.*, 77 F.4th 746, 760 (D.C. Cir. 2023) (reversing certification because the district court failed to find that common questions of law or fact predominate); *Tarrify Properties, LLC v. Cuyahoga Cnty., Ohio*, 37 F.4th 1101,

1106 (6th Cir. 2022) (not a property damage but a case about property tax valuations); *Prantil v. Arkema Inc.*, 986 F.3d 570, 582 (5th Cir. 2021) (remanding 23(b)(2) class to determine which injunctive claims were certifiable); *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1086 (7th Cir. 2014) (alleged contamination over a 90–year period and against six polluters or more); *Ebert v. General Mills, Inc.*, 823 F.3d 472, 475-76, 479 (8th Cir. 2016) (reversing certification of 23(b)(3) class initially including personal injury; decided before *Martin*); *Gates v. Rohm & Haas Co.,* 655 F.3d 255, 271-72 (3d Cir. 2011) (upholding denial of certification request that relied on same evidence as medical monitoring claim; recognizing cases presenting simpler theories of contamination or discrete incidents of contamination might be certified); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 728 (6th Cir. 2004) (denying class in part asserting *personal injuries*, and finding class representatives not typical); *Boughton v. Cotter Corp.*, 65 F.3d 823, 827 (10th Cir. 1995) (certification of claims including medical monitoring denied where plaintiffs allege that their injuries derive from more than one source). The court here did not "depart" from these decisions but made findings based on the extensive record before it. Order at 2. Thus, these cases are irrelevant to the propriety of the court's Order.

## III. DEFENDANTS' CLAIM THAT BIFURCATION IS UNWORKABLE BASED ON DAMAGES ISSUES ALSO FAILS

Defendants claim bifurcation here is unworkable by attacking the court's certification of liability claims with damages issues the court did not certify. Defendants cite to a medical monitoring case, *Rowe v. E.I. duPont de Nemours & Co.* , with different elements of proof than Plaintiffs' claims here. No. CIV. 06-1810 (RMB), 2009 WL 2424086 (D.N.J. July 29, 2009). Defendants mistake the court's analysis of the nuisance claim as impeaching the court's certification of other liability claims, missing the distinction between analyzing the interference element of liability for nuisance from the elements of Plaintiffs' other claims. Order 40.

Defendants argue that the presence, extent, and source of contamination creates individual issues, citing documents not in this appellate record which the trial court had an opportunity to consider. Pet. 16-17. The court distinguished the common liability issue of the geographic scope of PFAS contamination to Saint-Gobain for which Plaintiffs had submitted class-wide proof from class-wide injury. Order 30. Defendants argue that the source of PFOA is individualized, but the Court and drew a distinction between the presence of PFOA attributable to Saint-Gobain (liability) and the relative contribution of Saint-Gobain compared to other sources, which it concluded may require individualized analysis. Order 32. The court noted

that Saint-Gobain did not proffer an individualized method of analyzing the cause of PFOA. Order 31-32, 31, n.92.

Defendants attack the court's proximate cause analysis based on *Dukes*. *Dukes* does not impeach the fact specific analysis of cause the court did here. Order 27-28. *Dukes* did not establish a "more stringent" test for commonality but merely requires a court to do a rigorous analysis which the court did here, Order 12-18, 27-31, finding that Plaintiffs presented class wide proof the geographic scope of contamination attributable Saint-Gobain. Order 30-32. The court further correctly concluded that Plaintiffs can prove cause-in-fact based on their proof of area-wide emissions, and that Defendants did not rebut this assertion. Order 43-48.

Defendants claim that the need to prove "cognizable harm" defeats certification of Plaintiffs' liability claims (again citing documents not in this record), but the court clearly examined this element, not certifying Plaintiffs' damage claims for class treatment. Order 18. Defendants argue sales price increases show no injury-in-fact. Pet. 18-19. Defendants will have their chance to challenge such injury in the damages phase. If there are truly uninjured members, they can manageably be identified and removed from the class with publicly available information. Order 29-30. And as the court noted, Plaintiffs presented class wide

proof of dispersion and deposition of PFOA on each property in the Class Areas.

Order 14, 15. Also irrelevant is *Ortiz v. Sig Sauer, Inc.*, No. 19-CV-1025-JL, 2023

WL 1928094, at *20 (D.N.H. Feb. 10, 2023) because there is no element of reliance

in any of plaintiff's liability claims as there was with the fraudulent concealment

claims in *Ortiz*.

## IV. THIS COURT SHOULD REJECT DEFENDANTS' ATTEMPT TO DISTORT THE COURT'S 23(b)(3) CERTIFICATION INTO 23(c)(4) CERTIFICATION TO CREATE ERROR THAT DOES NOT EXIST

The court correctly certified a liability class under Rule 23(b)(3) by fully

analyzing Rule 23(b)(3) requirements. Order 2, 4, 8, 13-18, 34-48.

Defendants argue that the court "*sua sponte*" used Rule 23(c)(4) to avoid the

requirements of Rule 23(b)(3). Pet. 11-13.[5] It clearly did not. The court analyzed

whether each element of plaintiffs' liability claims satisfied Rule 23(b)(3). Order

35-54.

Even if the court relied on Rule 23(c)(4) to certify the liability class here,

certification would be proper. Rule 23(c)(4) grants courts the discretion to certify a

---

[5] Defendants rely solely on an irrelevant Fourth Circuit decision that granted 23(f) review for the district court's *sua sponte* certification of an 'opt-in' Rule 23(b)(3) damages class. *State Farm Mut. Auto. Ins. Co. v. Elegant Massage*, LLC, No. 21-255, 2021 WL 4202678, at *1 (4th Cir. Sept. 2, 2021) (cited in Pet. 28).

class when the court believes that doing so would promote the purposes of representative litigation and would achieve judicial efficiency.[6] Defendants' claim that the court utilized Rule 23(c)(4) to avoid the requirements of Rule 23(b)(3), Pet. 11-13, is baseless when, as explained in Section I.A., *supra*, the court analyzed whether each element of Plaintiffs' claims satisfied Rule 23(b)(3).  Order 35-54. Thus, it is irrelevant whether this Court has addressed the interaction between Rules 23(c)(4) and (b)(3).  Pet. 3, 10.[7]

## V.  BIFURCATION CREATES NO VIOLATION OF DEFENDANTS' SEVENTH AMENDMENT RIGHTS

There is no rule against bifurcating liability claims and damages with class certification as Defendants suggest.  Pet. 21.  "[If] done properly, bifurcation will

---

[6] *Martin*, 896 F.3d at 411; *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996); *Pella Corp. v. Saltzman*, 606 F.3d 391, 394 (7th Cir. 2010); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 439-45 (4th Cir. 2003).

[7] Defendants cite a footnote in *Castano v. American Tobacco Co.*, 84 F. 3d 734, 745, n.21 (5th Cir. 1996), Pet. 3, 10, 11, 20, 21, asserting that a cause of action, as a whole, must satisfy the predominance requirement of (b)(3).  This footnote has not been adopted by any other circuit and has no value here.  *Martin,* 896 F.3d 405 at 412; *see also Deepwater Horizon*, 739 F.3d 907 at n. 65.  It cannot be reconciled with the Supreme Court's subsequent holding that Rule 23(b)(3) "does *not* require a plaintiff seeking class certification to prove that each element of her claim is susceptible to class-wide proof."  *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 469 (2013) (emphasis added); *see also Martin*, 896 F.3d at 413 (such a requirement would undercut the purpose of Rule 23(c)(4)).

not raise any constitutional issues." *Olden v. LaFarge Corp.*, 383 F.3d 495, 509 n. 6 (6th Cir. 2004). Leading class action treatises agree. *E.g.*, 2 Newberg and Rubenstein on Class Actions § 4:91 (6th ed.) (6th ed. 2010) ("[T]he Seventh Amendment does not seem to pose a significant obstacle to the use of issue classes, even in the mass tort context" with "the myriad case management tools at trial courts' disposal"); *Manual for Complex Litigation*, Fourth, § 22.755 (same); *see also Prograf*, 2014 WL 4745954, at *4 (rejecting contention that liability and damages were so intertwined that bifurcation in antitrust class action would violate Seventh Amendment); *cf. Aetna Casualty Surety Co. v. P & B Autobody,* 43 F.3d 1546, 1567-68 (1st Cir. 1994) (approving bifurcation of liability and damages). Moreover, the Seventh Amendment protection "is not against having two juries review the same evidence, but rather against having two juries decide the same essential issues." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1128 (7th Cir. 1999).

Courts have repeatedly held that class bifurcation of liability and damages does not violate the Seventh Amendment, rejecting similar arguments that Defendants assert in this case. *E.g.*, *In re Flint Water Cases*, 558 F. Supp. 3d 459, 510 (E.D. Mich. 2021) (rejecting Seventh Amendment challenge to liability class for class duty, breach, and causation in professional negligence case); *Navelski v.*

*Int'l Paper Co.*, 261 F. Supp. 3d 1212, 1219 (N.D. Fla. 2017) (rejecting Seventh Amendment challenge to liability class asserting claims for negligence, trespass, nuisance, and failure to warn in property damage case); *McHugh v. Madison-Kipp Corp.*, No. 11-CV-724-BBC, 2012 WL 12996281, at *2 (W.D. Wis. May 3, 2012) (rejecting Seventh Amendment challenge to liability class asserting negligence, nuisance and trespass claims).

In *Navelski*, the court explained that the issues of causation and damages were not so "interwoven" because the liability jury needed only to determine whether the flooding of the class members' properties was caused by defendant's failure to maintain its dam, and the "liability jury's factual finding with respect to causation will become the law of the case and thus will be removed from consideration by subsequent juries." 261 F. Supp. 3d at 1219 (citing *Parks v. Poindexter*, 723 F.2d 840, 844 (11th Cir. 1984) (observing that issues decided in first half of bifurcated trial become law of the case, to which "issue preclusion or collateral estoppel" apply)). "Because the damages juries will not need to reexamine the conclusions of the liability jury, the Seventh Amendment will not be violated by bifurcation of causation and damages in this case." *Id.*

Here, like *McHugh*, common questions pertaining to Defendants' liability

19

include the resolution of the geographic scope of that contamination and whether the defendants caused the contamination.  Order 2.  If liability is established, then class members will have the opportunity to proceed with individual actions on the issue of damages, with the liability jury's finding on causation being the law of the case and removed from reconsideration by subsequent juries.  Because two juries will be asked to decide distinct questions, and because the second jury could not have re-examined the conclusions of the first, the Seventh Amendment is not offended by the certified class in this case.

The cases that Defendants cite are not to the contrary.  Pet. 21-22 (citing *Blyden v. Mancusi*, 186 F.3d 252, 268-269 (2d Cir. 1999) (holding that the specific method of bifurcation ran afoul of the Seventh Amendment where "the district court allowed the damages juries to reexamine issues decided by the liability jury"); *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995) (finding Seventh Amendment concerns with bifurcation of personal injury class action in which the first trial would not establish liability, presenting the risk that the first jury could decide the additional issues for named plaintiffs but not to the other class members, and subsequent  individual cases would be tried "in different courts, scattered throughout the country); *Gasoline Prod. Co. v. Champlin Ref. Co.*, 283

U.S. 494, 496 (1931) (decided before Rule 23 existed, implicating neither the Seventh Amendment nor suggesting that bifurcation of a "interwoven" counterclaim violates the Seventh Amendment).

## VI.    EVEN IF THERE WERE UNINJURED MEMBERS, THEY WOULD NOT DEFEAT CLASS CERTIFICATION OF LIABILITY CLAIMS

As the court noted Plaintiffs' expert Sullivan used data and modeling that is common to the class to conclude that Saint-Gobain's emissions of PFOA "dispersed and deposited" onto the ground at each and every property in the class areas. Order 14-15. Saint-Gobain's consultant Barr used the same models to conclude that deposition in its study area "may have" contributed to groundwater contamination. Order 9-10. Water sampling does not end the inquiry, and injury has occurred throughout the Class Areas.

Defendants argue that the presence of potentially uninjured class members renders class certification improper. Pet. 18-19, 22-24. This Circuit has repeatedly rejected efforts to defeat commonality with contentions that inquiry into plaintiffs' injuries requires a multitude of individual assessments to establish liability. *E.g.*, *Gintis*, 596 F.3d at 66 (rejecting the notion that "pollution torts charged against a single defendant escape class treatment on the ground that the requirements to show injury, cause and compensatory amount must be sustainable as to specific

plaintiffs").

Defendants will be fully able to litigate whether a class member has suffered no economic injury from its toxic intrusion in the damages phase of the case. Even if a class member is found to have suffered no injury (let alone no damages), so long as it is established that a mechanism exists to identify uninjured class members, the presence of uninjured members does not defeat class certification." *Nexium*, 777 F.3d at 19. Defendants concede, Pet. 22, and the court found, any uninjured class member can be identified through public records. Order 25, 29. Defendants' suggestion of the existence of "uninjured" class members or lack of mechanism to exclude such members is purely speculative having produced no data to support their claim. Such speculation cannot defeat class certification, especially when Plaintiffs' evidence has shown that all class members were injured. *Bais Yaakov of Spring Valley v. ACT, Inc.*, 12 F. 4th 81, 89 (1st Cir. 2021).

## VII.  DEFENDANTS' CLAIM THAT THE COURT CONTRAVENED RULE 23(C)(1)(B) IS WRONG

The Order clearly identifies the issues to be tried: "the court certifies the class as to liability issues under the trespass, negligence, and negligent failure to warn claims" thus identifying the common elements to be tried. Order 2; see also *id.* at 28, 30, 35-39, 41-48. The Order further specifically identified the class to be

certified including its geographic boundaries, attaching the maps of the areas certified. *Id*. at 11-12.

Defendants attempt to create an issue where none exists, citing *Wachtel ex rel. Jesse v. Guardian Life Ins. Co. of America*, 453 F.3d 179, 187-88 (3d Cir. 2006). *See* Pet. 24-26. Notwithstanding that *Wachtel* is not binding precedent, the Order easily meets the *Wachtel* standard. In defining the parameters of the class, the court explained: "The proposed class is ascertainable, as membership depends on three objective criteria—property ownership, on or after a specific date (March 4, 2016), and within defined geographical boundaries." Order 25. For the second *Wachtel* prong, as explained, *supra* Section I.A., the Order identifies the claims to be tried. Accordingly, Defendants' arguments to the contrary are without merit.

Defendants' arguments regarding due process and Rule 7 also fail. Pet. 27. Defendants give no explanation of how Rule 7 or due process is implicated with the Order here. None of the cases Defendants cite in involved the application of Rule 7(b) or due process to class certification orders, rendering them inapplicable. Pet. 26-27 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 533 (1985) (due process for the property interest of federal employment); *Registration Control Sys., Inc. v. Compusystems, Inc.,* 922 F.2d 805, 807 (Fed. Cir. 1990) (discussing Rule 7(b)

in the context of a motion for new trial); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (discussing Rule 7(b) in the context of a motion for leave to amend a complaint); *In re Long Island Properties*, 125 F.2d 206, 207-08 (2d Cir. 1942) (discussing lack of notice to interested creditors in bankruptcy proceeding)).  Arguments presented in "skeletal form, without citation to any pertinent authority" are not considered on appeal.  *Muñiz v. Rovira,* 373 F.3d 1, 8 (1st Cir. 2004).

## **CONCLUSION**

The District Court properly exercised its Rule 23 discretion to move this nearly eight-year litigation forward by certifying liability claims for class treatment. This Court should deny Defendants' 23(f) Petition.

DATED: January 22, 2024.                Respectfully submitted,

*/s/Kevin S. Hannon*
Kevin Scott Hannon, No. 1177677
Singleton Schreiber, LLP
1641 North Downing Street
Denver, CO  80218
303-861-8800
khannon@singletonschreiber.com

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs-Respondents Kevin Brown, Theresa Brown, Christopher Blundon, Kimberly Peicker, Mark Peicker, Corrin Willson, Brian Harris, and Oleg Goltsov, individually and on behalf of other similarly situated, certifies the following in compliance with Federal Rule of Appellate Procedure 32(g)(1):

1.      This Opposition complies with the type and volume limitations of Fed. R. App. P. 5(c)(1) and 32(f) and Circuit Rules 5-2(b) and 32-3(2), because this Opposition contains  5,199 words, excluding the portions exempted by Fed R. App. P. 5(b)(1)(E) and 32(f).

2.      This Opposition complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the typeface style requirements of Fed. R. App. P. 32(a)(6) because this Opposition has been prepared in a proportionally spaced, Roman-style typeface using Microsoft Word in 14-point.

Dated: January 22, 2024.

*/s/Kevin S. Hannon*
Kevin S. Hannon, *Attorney for Respondents-Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, Plaintiffs 'Opposition to Defendant's Petition for Permission to Appeal has been filed with the Clerk of the Court of the United States Court of Appeals for the First Circuit and further certify that it was mailed by third-party commercial carrier to the following:

Bruce W. Felmly
MCLANE MIDDLETON, P.A.
900 Elm Street
Manchester, NH 03101

Mark S. Cheffo
Douglas E. Fleming, III
Bert Wolff
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797

*Attorneys for Saint-Gobain Performance Plastics*
*Corporation and Gwenael Busnel*

DATED: January 22, 2024.

Respectfully Submitted,

/s/ *Kevin S. Hannon*
Kevin S. Hannon, *Attorney for Respondents-Plaintiffs*