# 24-8001

## United States Court of Appeals
## for the First Circuit

KEVIN BROWN, *et al.*, individually and on behalf of all others similarly situated,

*Plaintiffs-Respondents*,

-versus-

SAINT-GOBAIN PERFORMANCE PLASTICS CORP., and GWENAEL BUSNEL,

*Defendants-Petitioners.*

On Petition for Review of an Order of the United States District Court for the District of New Hampshire (Laplante, J.), Case No. 1:16-cv-00242

## MOTION FOR LEAVE TO FILE REPLY BRIEF
## IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL
## CLASS CERTIFICATION RULING UNDER FED. R. CIV. P. 23(F)

Bruce W. Felmly (35704)
McLane Middleton, PA
900 Elm Street
Manchester, NH 03101
(603) 625-6464

Mark S. Cheffo (1146736)
Douglas E. Fleming III (1177685)
Bert L. Wolff (1211070)
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendants-Petitioners*
*Saint-Gobain Performance Plastics Corporation and Gwenael Busnel*

Defendants-Petitioners respectfully move this Court for leave to file the attached Reply brief (Exhibit A hereto) in support of the January 12, 2024 Rule 23(f) Petition for permission to appeal the district court's order dated December 29, 2023, which certified a class ostensibly on certain liability issues and not other issues.

Neither the Federal Rules of Appellate Procedure nor this Court's Rules address the filing of a reply in support of a Rule 23(f) petition.[1] The decision therefore rests within this Court's sound discretion, and this Court has often granted leave to file replies in support of Rule 23(f) petitions. *See, e.g.*, Order, *In re Prograf Antitrust Litig.*, No. 14-8023 (1st Cir. March 4, 2015); Order, *In re Nexium Antitrust Litig.*, No. 13-8044 (1st Cir. Dec. 31, 2013); Order, *Otte v. Life Ins. Co. of N. Am.*, No. 11-8030 (1st Cir. July 21, 2011); Order, *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, No. 07-8021 (1st Cir. Aug. 16, 2007).

Defendants' 23(f) Petition raises unsettled legal questions that are important both to the underlying case as well as class action jurisprudence within this Circuit and might otherwise evade effective

---

[1] Under the Federal Rules, the party seeking relief typically has an opportunity to reply to any opposition to the relief being sought. *See, e.g.*, Fed. R. App. P. 27(a)(4) & 28(c).

appellate review. Defendants respectfully submit that the attached Reply brief will assist the Court in its decision-making when considering the issues raised by the Petition and will respond briefly to certain legal and factual assertions in Plaintiffs' Opposition.

The attached Reply corrects mischaracterizations of the issue class certified here and rebuts the argument that the certification complies with Rule 23 and First Circuit precedent. The proposed Reply additionally addresses inaccurate and irrelevant statements in the 23(f) Opposition that attempt to distinguish this case from other property damage actions where predominating individualized issues precluded class treatment. The proposed Reply also responds to flawed arguments that the plan to bifurcate class and individual issues would be fair or efficient. As further shown in the attached Reply, the important issues raised by Defendants' Petition readily meet this Court's criteria for immediate review under Rule 23(f).

The proposed Reply brief does not exceed 2,600 words and, thus, complies with the word limit applicable to reply briefs in support of motions and the general rule that reply briefs are limited to half the

length of principal briefs.  *See* Fed. R. App. P. 5(c)(1), 27(d)(2), 32(a)(7)(B)(ii).

For the foregoing reasons, Defendants respectfully request that this Court grant this motion and order filed the attached Reply brief.

Dated: January 29, 2024           Respectfully submitted,

*/s/ Mark S. Cheffo*
Mark S. Cheffo (1146736)
Douglas E. Fleming III (1177685)
Bert L. Wolff (1211070)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
mark.cheffo@dechert.com
douglas.fleming@dechert.com
bert.wolff@dechert.com

Bruce W. Felmly (35704)
MCLANE MIDDLETON, PA
900 Elm Street
Manchester, NH 03101
(603) 625-6464
bruce.felmly@mclane.com

*Attorneys for Defendants-Petitioners*
*Saint-Gobain Performance Plastics*
*Corp. and Gwenael Busnel*

<u>CERTIFICATE OF COMPLIANCE</u>

1.    This document complies with the word limit of Fed. R. App. P. 32(g)(1) and Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 27(a)(2)(B), this document contains 431 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated: January 29, 2024

*/s/ Mark S. Cheffo*
Mark S. Cheffo

*Attorney for Defendants-Petitioners*
*Saint-Gobain Performance Plastics*
*Corp. and Gwenael Busnel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk's Office of the United States Court of Appeals for the First Circuit and served on all parties, using the CM/ECF system.

*/s/ Mark S. Cheffo*
Mark S. Cheffo

# Exhibit A

# 24-8001

## United States Court of Appeals for the First Circuit

KEVIN BROWN, *et al.*, individually and on behalf of all others similarly situated,

*Plaintiffs-Respondents*,

-versus-

SAINT-GOBAIN PERFORMANCE PLASTICS CORP., and GWENAEL BUSNEL,

*Defendants-Petitioners.*

Petition for Review of an Order of the United States District Court for the District of New Hampshire (Laplante, J.), Case No. 1:16-cv-00242

## REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL CLASS CERTIFICATION RULING UNDER FED. R. CIV. P. 23(F)

Bruce W. Felmly (35704)
McLane Middleton, PA
900 Elm Street
Manchester, NH 03101
(603) 625-6464

Mark S. Cheffo (1146736)
Douglas E. Fleming III (1177685)
Bert L. Wolff (1211070)
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendants-Petitioners*
*Saint-Gobain Performance Plastics Corporation and Gwenael Busnel*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................... i

TABLE OF AUTHORITIES ........................................................ ii

PRELIMINARY STATEMENT ................................................... 1

ARGUMENT ............................................................................... 3

I.    IMMEDIATE REVIEW IS WARRANTED TO CORRECT AN ERRONEOUS APPROACH TO ISSUE CLASS CERTIFICATION ................................................................ 3

II.   APPELLATE CASELAW BROADLY COUNSELS AGAINST PROPERTY DAMAGE CLASSES ..................................... 6

III.  THE PLANNED BIFURCATION IS NOT FAIR OR EFFICIENT ........................................................................ 9

      A.   Liability Cannot Be Determined on a Class Basis .............. 10

      B.   Seventh Amendment Problems Arise .................................. 12

      C.   The Certification Order Fails to Define the Class Claims, Issues, and Defenses ................................................ 13

      D.   The Presence of Uninjured Class Members Cannot Be Ignored ................................................................................. 14

CONCLUSION ........................................................................... 15

CERTIFICATE OF COMPLIANCE ........................................ 16

CERTIFICATE OF SERVICE ................................................. 17

# TABLE OF AUTHORITIES

Page

CASES

*Aetna Casualty Surety Co. v. P & B Autobody*,
    43 F.3d 1546 (1st Cir. 1994) ............................................................ 12

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997) ...................................................................... 8

*In re Asacol Antitrust Litigation*,
    907 F.3d 42 (1st Cir. 2018) ........................................................... 2

*Baker v. Saint-Gobain Performance Plastics Corp.*,
    632 F. Supp. 3d 19 (N.D.N.Y. 2022) ........................................ 9

*Ball v. Union Carbide Corp.*,
    385 F.3d 713 (6th Cir. 2004) ....................................................... 7

*Boughton v. Cotter Corp.*,
    65 F.3d 823 (10th Cir. 1995) ..................................................... 7

*Calderon v. Kansas Department of Social &*
    *Rehabilitation Services*,
    181 F.3d 1180 (10th Cir. 1999) .................................................. 5

*Castano v. American Tobacco Co.*,
    84 F. 3d 734 (5th Cir. 1996) ..................................................... 3-4

*In re Deepwater Horizon*,
    739 F.3d 790 (5th Cir. 2014) ...................................................... 8

*D.L. v. District of Columbia*,
    713 F.3d 120 (D.C. Cir. 2013) ................................................... 6

*Ebert v. General Mills, Inc.*,
    823 F.3d 472 (8th Cir. 2016) ................................................... 3, 7

*Gates v. Rohm & Haas Co.*,
  655 F.3d 255 (3d Cir. 2011) .................................................. 6-7, 11, 14

*Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*,
  568 F.3d 313 (1st Cir. 2009) .............................................. 10

*Harris v. Medical Transportation Management, Inc.*,
  77 F.4th 746 (D.C. Cir. 2023).......................................... 3-4, 7

*In re Marriott International, Inc.*,
  78 F.4th 677 (4th Cir. 2023) ............................................. 3

*M.D. ex rel. Stukenberg v. Perry*,
  675 F.3d 832 (5th Cir. 2012) ............................................ 6

*In re Nexium Antitrust Litigation*,
  777 F.3d 9 (1st Cir. 2015) ................................................ 5, 14

*Ortiz v. Sig Sauer, Inc.*,
  2023 WL 1928094 (D.N.H. 2023)...................................... 12

*Parko v. Shell Oil Co.*,
  739 F.3d 1083 (7th Cir. 2014) .......................................... 6

*In re Pharmaceutical Industry Average
  Wholesale Price Litigation*,
  588 F.3d 24 (1st Cir. 2009) ............................................. 13-14

*Prantil v. Arkema Inc.*,
  986 F.3d 570 (5th Cir. 2021)............................................ 7

*In re Prograf Antitrust Litigation*,
  2014 WL 4745954 (D. Mass. 2014)................................... 12

*Smilow v. Southwestern Bell Mobile Systems, Inc.*,
  323 F.3d 32 (1st Cir. 2003) .............................................. 5

*State Farm Mutual Automobile Insurance Co. v.
  Elegant Massage, LLC*,
  2021 WL 4202678 (4th Cir. 2021) .................................... 6

*Sullivan v. Saint-Gobain Performance Plastics Corp.*,
2019 WL 8272995 (D. Vt. 2019)............................................9

*Tarrify Properties, LLC v. Cuyahoga County, Ohio*,
37 F.4th 1101 (6th Cir. 2022) .........................................7-8

*United States v. Carver*,
260 U.S. 482 (1923)............................................9

*Wachtel ex rel. Jesse v. Guardian Life*
*Insurance Co. of America*,
453 F.3d 179 (3d Cir. 2006) ...........................................13-14

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)............................................6

*Waste Management Holdings, Inc. v. Mowbray*,
208 F.3d 288, 293-94 (1st Cir. 2000) ...................................1

*Wright v. Spaulding*,
939 F.3d 695 (6th Cir. 2019)............................................8

## RULES

Fed. R. App. P. 10(a)............................................11

Fed. R. Civ. P. 7(b)............................................5

Fed. R. Civ. P. 23............................................1-9, 13

Fed. R. Civ. P. 23(b)(3) ............................................1, 3, 6-7

Fed. R. Civ. P. 23(c)(1)(B)............................................2, 13

Fed. R. Civ. P. 23(c)(4)............................................1, 3, 5

Fed. R. Civ. P. 23(f) ............................................1, 4, 8

## CONSTITUTIONAL AUTHORITY

U.S. Constitution, Seventh Amendment ............................................2, 12

# PRELIMINARY STATEMENT

This case warrants Rule 23(f) review. The district court's questionable grant of class certification raises "important" and "unsettled" legal issues and portends substantial financial impact. *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 293-94 (1st Cir. 2000). Its certification of some "liability" issues—while bifurcating interwoven, individual issues for a later phase—was an abuse of discretion and legal error. Plaintiffs do not show otherwise. Instead, they misstate the facts and law, obfuscate the issues, and randomly conflate different points. To ensure "effective review" of "a doubtful class certification" and "restore equilibrium," this Court should grant the Petition. *Id.*

The interplay of Rules 23(b)(3) and (c)(4) is far from "irrelevant." Opp.17. It is fundamental to the district court's order. It raises recurring issues that this Court has not decided. The district court acknowledged, but side-stepped, the many predominating individualized issues by *sua sponte* creating artificial issue classes. That approach created practical and constitutional problems that Rule 23(b)(3) should prevent.

Advancing inconsistent and inaccurate positions, Plaintiffs strive in vain to reframe the certification order to meet federal caselaw. They assert the district court certified a true "liability" class, despite the order's plain language and plan to postpone liability elements to the "damages" phase.

Plaintiffs dismiss the danger of infringing the Seventh Amendment's Re-Examination Clause. Moreover, they simultaneously assert that the class has no uninjured class members—notwithstanding the district court's findings, Order.29—and that uninjured class members can be removed, without proposing a "mechanism" that can "manageably" do so. *In re Asacol Antitrust Litigation*, 907 F.3d 42, 53-54 (1st Cir. 2018). Nor do Plaintiffs address the uncertainties created by the certification order's fundamental failure to define "the class claims, issues, or defenses" in derogation of Rule 23(c)(1)(B). The district court's plan leaves unresolved serious questions about how 10,000 individualized property claims, which Plaintiffs value at over $580 million, will be tried.

Because of the danger that these important and unsettled issues will evade appellate review, this Court should grant the Petition.

<center>**ARGUMENT**</center>

## I. IMMEDIATE REVIEW IS WARRANTED TO CORRECT AN ERRONEOUS APPROACH TO ISSUE CLASS CERTIFICATION

This Court has not previously addressed the interaction between Rules 23(b)(3) and (c)(4). Plaintiffs moved to certify their entire action under Rule 23(b)(3), whereas the district court limited certification to a "class as to liability issues." Order.2,53. Contrary to Plaintiffs' view, Opp.16, the order necessarily invokes Rule 23(c)(4): the sole rule authorizing certification of "particular issues." This Court's guidance is crucial to resolving important, recurring, and unanswered questions about the proper application of Rule 23(c)(4).

Multiple federal circuit courts have warned about misusing Rule 23(c)(4)[1] through "deliberate limiting" and "separating" of issues to "manufacture[] … predominance." *Ebert*, 823 F.3d at 479. This severing of "issues until the remaining common issue predominates over the remaining individual issues" would lead to "automatic certification" whenever a common issue is found. *Castano*, 84 F.3d at 745 n.21. Rather

---

[1] *E.g., Castano v. Am. Tobacco Co.*, 84 F. 3d 734, 745 n.21 (5th Cir. 1996); *Ebert v. Gen. Mills, Inc.,* 823 F.3d 472, 479 (8th Cir. 2016); *Harris v. Med. Transp. Mgmt., Inc.,* 77 F.4th 746, 762 (D.C. Cir. 2023); *In re Marriott Int'l, Inc.*, 78 F.4th 677, 688-89 (4th Cir. 2023).

<center>3</center>

than facing these problems, Plaintiffs dismiss them in a footnote. Opp.17 n.7.

While the district court weighed the predominance of supposedly "common" "liability" issues, it did so in isolation from the predominately individual issues it bifurcated, such as causation, injury, and damages. Order.35,39,47-48,51-52. It avoided answering whether "common" issues predominate over all the individual issues that it acknowledged cannot be certified.

This was an abuse of discretion. As other Circuits have held, issue class certification requires that common issues predominate as to a cause of action as a whole, *Castano*, 84 F.3d at 745 n.21—or at least a "workably segregable component" thereof. *Harris*, 77 F.4th at 762. Answering this question now would advance Rule 23(f)'s policies, rather than awaiting the outcomes of an improperly certified class trial and an unmanageable series of 10,000 second-phase trials.

First Circuit precedent on classes with individualized damages does not answer these critical questions. The district court only certified some "liability" issues, postponing intertwined liability issues for individual determination during the "damages" phase. Pet.13-20. The

contemplated "damages" phase would not be restricted to calculating damages with a "mathematical formula" or "mechanical process." *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 40 (1st Cir. 2003).[2] Nor would it be limited to "individual determinations or inquiry for a de minimis number of uninjured [class] members." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (1st Cir. 2015). Rather, the district court's approach would require multiple juries to weigh property-by-property evidence about causation, injury, and "property-specific conditions" concerning valuation. Order.2,47,51-52.

Since Plaintiffs never requested an issue class, Defendants lacked notice and the opportunity to raise these subjects for the district court's consideration, animating the hazards of *sua sponte* certification. Pet.26-28. Plaintiffs' argument that "[n]one of the cases Defendants cite[] involved the application of Rule 7(b) or due process to class certification orders, rendering them inapplicable" is misguided. Opp.23. Rule 7(b)'s fundamental notice requirement "governs … all motions." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

---

[2] Nor does the reference to hypothetical certification with a bifurcated phase "to calculate damages," under Rule 23(c)(4), answer the questions raised here. *Smilow*, 323 F.3d at 41.

Consequently, *State Farm Mutual Automobile Insurance Co. v. Elegant Massage, LLC*, 2021 WL 4202678, at \*1 (4th Cir. 2021), holds that a "court may only exercise … discretion [to certify a class] once it is asked to do so."

## II. APPELLATE CASELAW BROADLY COUNSELS AGAINST PROPERTY DAMAGE CLASSES

Plaintiffs dismiss the fact that federal circuit courts have not approved Rule 23(b)(3) property damage classes since *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). While Plaintiffs also dismiss the significance of *Dukes*, Opp.8-9, circuit courts recognize that *Dukes* "changed the landscape" for class certification, *D.L. v. D.C.*, 713 F.3d 120, 126 (D.C. Cir. 2013), and "heightened the standards for establishing commonality." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839 (5th Cir. 2012).

Plaintiffs advance inaccurate and irrelevant distinctions to the appellate precedent that Defendants cite. For instance, Plaintiffs say those cases have "no resemblance to this case," Opp.12-13, despite the similar allegations of groundwater contamination over multiple years, *Parko v. Shell Oil Co.*, 739 F.3d 1083, 1087 (7th Cir. 2014); *Gates v. Rohm & Haas Co.*, 655 F.3d 255, 259, 272 (3d Cir. 2011), similarly complex

theories about geographic distribution and hydrogeology, *Gates*, 655 F.3d at 271-72, and similarly individualized, property valuation questions, *Tarrify Props., LLC v. Cuyahoga Cnty., Ohio*, 37 F.4th 1101, 1107 (6th Cir. 2022). Plaintiffs depreciate these cases, invoking immaterial variations while omitting substantive similarities. Plaintiffs thus advert to "claims including medical monitoring" or personal injuries, Opp.13, while ignoring the denial or reversal of property damage classes. *Boughton v. Cotter Corp.*, 65 F.3d 823, 825, 828 n.4 (10th Cir. 1995); *Ebert*, 823 F.3d at 480; *Ball v. Union Carbide Corp.*, 385 F.3d 713, 717, 726-27 (6th Cir. 2004); *Gates*, 655 F.3d at 258. Similarly, Plaintiffs only note the remand of a Rule 23(b)(2) class, while the Rule 23(b)(3) class was vacated in *Prantil v. Arkema Inc.*, 986 F.3d 570, 580 (5th Cir. 2021). Opp.13. And while *Harris* soundly cautions about issue certification, 77 F.4th at 762, Defendants never cited it as a property damage action.

The limited caselaw Plaintiffs cite does not counsel a different approach. In *Martin v. Behr Dayton Thermal Products, LLC*, the district court already denied "two proposed liability-only classes" for property damage. 896 F.3d 405, 410 (6th Cir. 2018). Nor, contrary to Plaintiffs' implication, Opp.13, does *Martin* overrule earlier Sixth Circuit cases,

*Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019), much less other circuits' caselaw.

Plaintiffs also disregard that Circuit's recent rejection of a property class rife with individual questions about property valuation. In *Tarrify*, as here, "[t]he shifting facts and circumstances about the value of each property" would "dominate the proceedings," thereby "undercutting the efficiencies and ease of administration that otherwise might favor classwide resolution of the claims." 37 F.4th at 1107.

Plaintiffs' reliance on *In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), which involved settlement classes, is inapt. Settlement classes do not present the same manageability concerns as merits classes, where, as here, individual issues of causation and injury must be litigated. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). *Deepwater*'s procedural posture repeatedly factored into the Fifth Circuit's decision-making. *E.g.*, 739 F.3d at 806, 816.

Plaintiffs respond to the overwhelming weight of federal appellate authority by pointing to a half-dozen district court orders that escaped appellate review. Opp.9. That Rule 23(f) review was denied in some cases adds no weight to Plaintiffs' argument. Opp.1,9. A 23(f) petition is

"akin to … a petition for certiorari," Advisory Comm. Notes to Rule 23, "[t]he denial of" which "imports no expression of opinion upon the merits." *United States v. Carver*, 260 U.S. 482, 490 (1923). For example, the Second Circuit never endorsed *Baker v. Saint-Gobain Performance Plastics Corp.*, 632 F. Supp. 3d 19 (N.D.N.Y. 2022), or *Sullivan v. Saint-Gobain Performance Plastics Corp.*, 2019 WL 8272995 (D. Vt. 2019). Opp.1,9.

Plaintiffs try to analogize this case with *Baker* and *Sullivan*, where the district courts treated the claims as arising from "PFOA released from a single Saint-Gobain facility." Opp.8. Here, in contrast, the district court and Plaintiffs' experts acknowledge this is ***not*** a single source or single incident case. Order.45-48. Nor was the *Baker* litigation class certified against Saint-Gobain. Nor will the Second Circuit assess the merits of either court's approach, without a final appeal by the remaining *Baker* defendant.

## III. THE PLANNED BIFURCATION IS NOT FAIR OR EFFICIENT

The Petition shows that the certification order did not adequately establish a plan for bifurcated proceedings or demonstrate their manageability or superiority over individual trials. Plaintiffs do nothing

to clarify matters. Nor do they dispute that an appeal might not be ripe, if ever, until after 10,000 second-phase trials envisioned by the district court. *Accord Gonzalez Figueroa v. J.C. Penney P.R., Inc.*, 568 F.3d 313, 317 (1st Cir. 2009). These important issues are thus poised to evade appellate review.

### A. Liability Cannot Be Determined on a Class Basis

This class involves different PFOA sources, PFOA-emitting entities, and environmental pathways. Order.30. Though Plaintiffs contend that liability would be determined class-wide, Opp.2, they do so inconsistently, Opp.22, and without addressing the fact that the certified "liability" issues are interwoven with bifurcated "damages" ones. Pet.16-20. For example, it is incoherent to admit that "the full volume of PFOA on any property may not be solely attributable to Saint-Gobain," while arguing that property-by-property defense "is common to the class." Opp.6. Plaintiffs concede that the district court distinguished "class-wide proof" of "the geographic scope of PFAS contamination" from "class-wide injury." Opp.14. The latter will depend on property-specific evidence about the presence and extent of PFOA and site-specific impacts (if any) on property values. Pet.16-19. Yet Plaintiffs do not reconcile certification

of "liability" issues with the finding that individual questions about injury, causation, and damages are "unmanageable" in a class format. Order.3,14; Pet.14-20. Instead, they assert these individual issues are somehow not "in this appellate record," Opp.14, despite being on the district court docket, Pet.16-20, which "constitute[s] the record on appeal." Fed. R. App. P. 10(a).

Since individualized determinations of core liability elements will—by design—be left unanswered at the class trial, a jury could not find Defendants liable as to each (or any) class member. The district court should have declined "to certify a liability-only issue class," since the certified issues are "inseverable from other issues that would be left for follow-up proceedings." *Gates*, 655 F.3d at 273.

The district court's decision not to certify the nuisance claim accentuates the incongruity. Order.41. It denied certification because of "inherently individualized" questions about, *inter alia*, the property-specific PFOA levels attributable to Defendants. Order.40. Yet the district court partially certified the trespass and negligence claims, despite the same individualized questions. Plaintiffs cannot bridge this disconnect.

## B. Seventh Amendment Problems Arise

Plaintiffs conclude, without cogent analysis, that bifurcation will not infringe Defendants' Seventh Amendment rights ostensibly because the "liability" and "damage" juries will "decide distinct questions." Opp.20. Yet the certification order does not contemplate a class trial to resolve all liability questions, followed by a phase for rote damages calculations. Consequently, the cases Plaintiffs cite are inapposite. Opp.18-19. Bifurcation here does not involve "cleanly divided" issues, *In re Prograf Antitrust Litig.*, 2014 WL 4745954, at *4 (D. Mass. 2014), or damages "determined purely 'as a matter of law.'" *Aetna Cas. Surety Co. v. P & B Autobody*, 43 F.3d 1546, 1567 (1st Cir. 1994). Instead, one "liability" jury will be followed by "second juries" in 10,000 "individual actions" to make findings on the nuisance claims, as well as causation, injury, and damages on the others. That second phase would feature individualized challenges that may involve "property- or site-specific analysis … on causation," Order.47, and assess whether specific individuals received and relied on certain disclosures about PFOA. *Cf. Ortiz v. Sig Sauer, Inc.*, 2023 WL 1928094, at *20 (D.N.H. 2023); ECF.437

at 33. Thus, these second juries could be required to revisit class determinations about causation or duty breach.

## C. The Certification Order Fails to Define the Class Claims, Issues, and Defenses

The uncertainty created by the certification order's failure to define the claims, issues, and defenses compounds questions about how this action can proceed. It is independent, reversible error.

Plaintiffs' assertion that the order satisfies Rule 23(c)(1)(B) is conclusory and devoid of analysis. Plaintiffs merely cross-reference unrelated arguments or recite the order's indefinite statements about certifying "liability issues." Opp.22-23. Defendants have not disputed that "[t]he Order specifically identified the class." *Id.* Yet Plaintiffs do not grapple with the order's failure to "define … the class claims, issues, or defenses" under Rule 23(c)(1)(B), warranting this Court's immediate review.

Plaintiffs characterize *Wachtel ex rel. Jesse v. Guardian Life Insurance Co. of America*, 453 F.3d 179 (3d Cir. 2006), as unpersuasive precedent, while ignoring *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 588 F.3d 24 (1st Cir. 2009), which followed *Wachtel*, and underscored "the 'critical need' to 'determine how the case

will be tried.'" *Id.* at 40 n.16. That need persists here, where the parties lack fundamental information about the contemplated "scope of the liability-only trial" and "what common proof would be presented," much less "how class resolution of the issue(s) will fairly and efficiently advance the resolution of class members' claims, including resolution of remaining issues." *Gates*, 655 F.3d at 273-74.

### D. The Presence of Uninjured Class Members Cannot Be Ignored

Plaintiffs assert both that "all class members were injured" and that a class member's "economic injury" will be litigated during the "damages phase." Opp.22. The district court contradicts the first assertion. Order.29. The second assertion reinforces that bifurcation, here, is incompatible with this Court's precedent. While "a de minimis number of uninjured class members is permissible at class certification," "separating the injured from the uninjured must be possible using a common test rather than an individual ad hoc approach." *Nexium*, 777 F.3d at 24 n.20, 25. No such mechanism has been proposed here. Plaintiffs concede that "[w]ater sampling does not end the inquiry," Opp.21, since PFOA detections at any property do not establish economic injury. Under the district court's plan, only ***ad hoc*** assessments during

the "damages" phase will reveal uninjured class members and sift them out.  Order.3.

## CONCLUSION

Permission to appeal should be granted.

Dated: January 29, 2024                    Respectfully submitted,

<div style="margin-left:40%">

*/s/ Mark S. Cheffo*
Mark S. Cheffo (1146736)
Douglas E. Fleming III (1177685)
Bert L. Wolff (1211070)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
mark.cheffo@dechert.com
douglas.fleming@dechert.com
bert.wolff@dechert.com

Bruce W. Felmly (35704)
MCLANE MIDDLETON, PA
900 Elm Street
Manchester, NH 03101
(603) 625-6464
bruce.felmly@mclane.com

*Attorneys for Defendants-Petitioners*
*Saint-Gobain Performance Plastics*
*Corp. and Gwenael Busnel*

</div>

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 32(g)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,597 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

Dated: January 29, 2024

*/s/ Mark S. Cheffo*
Mark S. Cheffo

*Attorney for Defendants-Petitioners*
*Saint-Gobain Performance Plastics*
*Corp. and Gwenael Busnel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk's Office of the United States Court of Appeals for the First Circuit and served on all parties, using the CM/ECF system.

*/s/ Mark S. Cheffo*
Mark S. Cheffo